IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Brittney Nicole Teague, | ) | C.A. No. 1:10-2767-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

   Plaintiff Brittney Nicole Teague ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) and §1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Shiva V. Hodges for a Report and Recommendation.

## I. Procedural History

   On August 18, 2004, Plaintiff applied for SSI benefits due to various mental and physical ailments including, among other things, borderline intellectual functioning, depression, and menstrual bleeding disorder. At the time, Plaintiff was under eighteen years of age. Administrative Transcript ("Tr.") 61-64. Plaintiff's mother, Heidi Teague, ("Mrs. Teague"), filed the application on her behalf. Tr. 64. On October 26, 2006, the Commissioner granted Plaintiff's application, finding that she was disabled as of the filing date based on the SSI regulations applicable to children. Tr. 40-44. On April 16, 2008, after Plaintiff turned eighteen, the Commissioner redetermined whether she was entitled to SSI benefits. Tr. 244; see 20 C.F.R. § 416.987 (noting that the Social Security Administration ("SSA") must use adult SSI rules to

redetermine eligibility of a child recipient of SSI benefits once the recipient becomes an adult). Upon redetermination, the Commissioner found that Plaintiff's impairments did not meet the definition of disability for adults and terminated her benefits. Tr. 244. On October 29, 2008, a hearing was held before a Disability Hearing Officer ("DHO") who determined that Plaintiff was not disabled because she was capable of performing simple, unskilled work. Tr. 258-63. Plaintiff then requested a hearing before an administrative law judge.

On May 20, 2009, a hearing was conducted before Administrative Law Judge Arthur L. Conover ("ALJ"). On August 4, 2009, the ALJ issued an unfavorable decision, finding that Plaintiff's disability ended on April 17, 2008, and that she had not become disabled again since that date. Tr. 17-27. On August 23, 2010, the Appeals Council denied Plaintiff's request to review the ALJ decision, making the determination of the ALJ the final decision of the Commissioner. On October 26, 2010, Plaintiff filed the instant action seeking judicial review of the Commissioner's decision. Plaintiff alleges that the ALJ incorrectly evaluated Plaintiff's residual functional capacity ("RFC") and that the ALJ incorrectly evaluated Mrs. Teague's testimony regarding Plaintiff's symptoms.

On December 5, 2011, the Magistrate Judge filed a Report and Recommendation in which she found that there was substantial evidence to support the Commissioner's decision and recommended that the Commissioner's decision be affirmed. According to the Magistrate Judge, the ALJ applied the correct legal standards in evaluating Plaintiff's RFC and in evaluating Mrs. Teague's testimony regarding Plaintiff's symptoms. With regard to the second allegation of error, the Magistrate Judge noted that although there were discrepancies between Mrs. Teague's testimony and other record evidence, the ALJ discussed much of Mrs. Teague's testimony, compared it with conflicting testimony, and explained why he discounted her testimony. The

Magistrate Judge also stated that the ALJ was not required to include a written discussion or evaluation of every statement or each piece of evidence. Ultimately, the Magistrate Judge found that the ALJ appropriately considered Mrs. Teague's testimony and that substantial evidence existed to support the ALJ's finding that Plaintiff was not disabled.

On December 20, 2011, Plaintiff filed one objection to the Report and Recommendation, to which the Commissioner filed a reply on January 6, 2012. Plaintiff alleged that the Commissioner failed to properly evaluate Mrs. Teague's hearing testimony in accordance with Social Security Ruling ("SSR") 96-7p and that remand is thus warranted. Plaintiff interpreted SSR 96-7p to require that the ALJ make a specific credibility finding as to Mrs. Teague's statements regarding Plaintiff's symptoms. Specifically, Plaintiff alleged the ALJ failed to make a specific credibility finding before discounting Mrs. Teague's testimony that Plaintiff could not independently do chores, use a computer, or maintain her finances. Considering the limited scope of the objection, the court herein only cites to those details of Plaintiff's medical history and the underlying administrative record that specifically relate to Plaintiff's objection.

## II.     Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971).

Although a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence, the court must ensure that the findings were reached through application of the correct legal standard. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). Therefore, the deferential standard of review does not apply to conclusions of law or the application of legal standards or procedural rules by the agency. See id.; Wiggins v. Schweiker, 679 F.2d 1387 (11th Cir. 1982) (superseded by regulation on other grounds).

### III.  Discussion

A. Mrs. Teague's Testimony at the May 20, 2009 Hearing

At the hearing before the ALJ, held on May 20, 2009, Mrs. Teague testified that since Plaintiff's last hearing, Plaintiff's depression has gotten worse from time to time and that she still has a bleeding disorder. Tr. 555. Mrs. Teague stated that she tries to get Plaintiff motivated but that Plaintiff does not cope well with stress and stays in her room most of the time. Id. Mrs. Teague also testified that Plaintiff has zero to very little short-term memory, which makes it difficult for Plaintiff to complete tasks. Id. Mrs. Teague testified that Plaintiff behaves like a nine or ten year old and that Plaintiff is currently seeing a psychiatrist, gynecologist, hematologist and a vocational rehabilitation counselor for her mental and physical issues. Tr.

4

556. Mrs. Teague testified that she can get Plaintiff to do some chores. Specifically, Mrs. Teague noted that she tries to get Plaintiff to wash her own clothes and that Plaintiff can unload the dishes and reload them. Id. However, Mrs. Teague noted that she has to remind Plaintiff to stay on task and how to perform the tasks. She stated that she cannot give Plaintiff too many tasks or else she will get distracted and forget them. Id. Mrs. Teague indicated that Plaintiff uses the internet and computer with the assistance of her sister. Tr. 558. Mrs. Teague also indicated that she helps Plaintiff balance her checkbook and confirmed that Plaintiff has overdrawn money from her checking account in the past. Id.

   B.  Plaintiff's Testimony at May 20, 2009 Hearing

Plaintiff testified that she lived with her mother, father, brother, and sister. She stated that when she was eighteen years old, she had the Social Security Administration send SSI benefit checks to her name only and that she deposited them in her own bank account because she did not want anyone else to be able to access the money. Tr. 534, 539. Plaintiff stated that she does not know how to write checks, but uses her debit card to make purchases and pay bills, including some of the family's bills. Tr. 536-37. Plaintiff admitted that her mother helps her balance her bank account and that she had overdrawn on her account before. Tr. 537-38.

Plaintiff testified that she attended high school up through a portion of the twelfth grade but quit in the last semester because she knew she would not obtain a diploma. Tr. 528-29. Plaintiff stated that she had been placed in special education classes but occasionally she was still placed in classes that moved at too fast a pace for her. Tr. 529. Plaintiff said she was trying to obtain her GED through computerized programs, but that she had become frustrated because she had no one to assist her in doing so. Tr. 531-32. Plaintiff stated that she had done some babysitting for neighbors or other people she knew but had been unsuccessful in securing other

jobs. Tr. 530-31. When asked what her difficulty in maintaining a job was, she said she had difficulty learning and remembering things, difficulty with spelling and math, and had difficulty getting along with others. Tr. 532. However, Plaintiff also testified that she had never started a task and forgotten why she was doing it. Tr. 547. Furthermore, Plaintiff stated that she did household chores such as making her bed, cleaning her room, vacuuming, doing dishes, and preparing meals. Id. She also stated that she knew how to use a computer to email friends or get on the internet. Tr. 551-552.

    C. <u>Administrative Law Judge's Consideration of Mrs. Teague's Testimony</u>

As the Magistrate Judge noted, the ALJ considered specific portions of Mrs. Teague's hearing testimony in his ruling, including her statement that Plaintiff's depression had increased since her last hearing; that Plaintiff was seeing a counselor; and that Plaintiff does not cope well with stress and stays in her room most of the time. Tr. 21. However, the ALJ contrasted Mrs. Teague's testimony with reports from treating physicians that found that Plaintiff was not significantly depressed and was capable of a wide variety of simple, repetitive tasks. Tr. 22.

The ALJ also considered Mrs. Teague's claim that Plaintiff could not handle her own funds, but discounted it by discussing Plaintiff's hearing testimony that she maintained her own bank account and handled her own funds. Tr. 25. The ALJ considered Mrs. Teague's testimony that Plaintiff did some household chores when pressed, along with Plaintiff's own testimony that she did various household chores and knew how to use a computer. Id.

The ALJ also referenced Dr. Thompson's report as evidence he considered. Tr. 25, 408-11. Dr. Thompson's report referenced Mrs. Teague's statement that Plaintiff exhibited "borderline characteristics" with regard to mental capacity. Dr. Thompson; however, opined in

6

his report that Plaintiff "probably could participate with good pace and persistence were she motivated to do so, in a wide variety of simple repetitive type of tasks." Tr. 411.

After thoroughly addressed Plaintiff's statements regarding her symptoms as well as Mrs. Teague's statements, along with the medical and non-medical evidence in the record, the ALJ stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not substantiated by the total record and [are] not credible to the extent they are inconsistent with the above residual functional capacity assessment."

D. <u>Relevant Excerpt from SSR 96-7p</u>

SSR 96-7p, "Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements" provides as follows:

> Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, any statements of the **individual concerning his or her symptoms** must be carefully considered if a fully favorable determination or decision cannot be made solely on the basis of objective medical evidence. <u>If an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms. The adjudicator must then make a finding on the credibility of the individual's statements about symptoms and their functional effects.</u> (emphasis added).

Plaintiff referenced only the underlined excerpt of SSR 96-7p in her objection. Plaintiff argues that SSR 96-7p requires the ALJ to make a clear and specific credibility finding as to "other person's" statements, in this case, Mrs. Teague's testimony. Plaintiff alleges that the ALJ discounted Mrs. Teague's testimony and adopted conflicting testimony without making this required credibility finding.

7

E.  Analysis

Plaintiff's objection is without merit.  Specifically, Plaintiff interprets "individual" as any individual, including persons besides the claimant.  However, Plaintiff's interpretation is inconsistent with the plain language of SSR 96-7p, in which "individual" refers to the claimant only.  Under SSR 96-7p, although the adjudicator must "consider all evidence . . . including any statement by . . . other persons concerning the individual's symptoms," the credibility determination refers only to the individual claimant's statements.  Thus, the court must "consider" other persons' statements, such as Mrs. Teague's, only in making a credibility determination as to the claimant's statements about his or her symptoms.

The court agrees with the Magistrate Judge's finding that the ALJ sufficiently "considered" Mrs. Teague's statement as required by the applicable rules and regulations.  The ALJ specifically cited Mrs. Teague's testimony that the Plaintiff could not handle funds and that Plaintiff does some household chores when Mrs. Teague presses her. Tr. 25.  The ALJ also cited Mrs. Teague's testimony that Plaintiff's depression had increased since her last hearing; that Plaintiff was seeing a counselor; and that Plaintiff does not cope well with stress and stays in her room most of the time.  Tr. 21.  The ALJ's reference to specific statements made by Mrs. Teague demonstrates that the ALJ appropriately considered Mrs. Teague's testimony pursuant to SSR 96-7, which only requires that the ALJ "consider" other persons' testimony.  The ALJ discharged his duty to address Mrs. Teague's subjective testimony by describing medical and non-medical evidence he considered in discounting some of her testimony.  The ALJ was not required to cite to every statement made by Mrs. Teague, but need only "minimally articulate his reasoning so as to make a bridge between the evidence and its conclusions," in this case – a bridge between Mrs.

Teague's testimony and the ALJ's credibility determination regarding Plaintiff's statements. Jackson v. Astrue, No. 8:08-2855-JFA, 2010 WL 500449, *10 (D.S.C. Feb. 5, 2010).

Furthermore, the ALJ appropriately made a clear credibility determination regarding the Plaintiff's statements about her symptoms, stating that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not substantiated by the total record and [are] not credible to the extent they are inconsistent with the above residual functional capacity assessment."

### IV.     Conclusion

Upon review of the entire record including Plaintiff's objections, the court concurs in the Magistrate Judge's recommendation and finds that there is substantial evidence to support the ALJ's determination that Plaintiff's disability ended on April 17, 2008 and that Plaintiff did not become disabled again between that date and August 4, 2009, the date of the ALJ's order. For the reasons stated herein, the court adopts the Magistrate Judge's Report and Recommendation and affirms the Commissioner's decision.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

March 5, 2012
Columbia, South Carolina